OPINION
Defendant, James W. Moore, appeals from his classification by the trial court as a sexual predator, pursuant to R.C. 2950.09.
In 1984, Moore was convicted of Rape through force or threat of force, in violation of R.C. 2907.02(A)(2). He was sentenced to serve a term of from eight to twenty-five years. Moore was returned to court in October 1999 for a sexual predator determination. The court determined Moore to be a sexual predator. He filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT SUBJECTED THE DEFENDANT-APPELLANT TO PROCEEDINGS UNDER R.C. 2950 BECAUSE THE STATUTE UNREASONABLY INFRINGES UPON THE PERSONAL LIBERTIES OF THE DEFENDANT-APPELLANT.
Moore's argument in support of this assignment of error relies largely on the decision and opinion of the Eleventh District Court of Appeals in State v. Williams (January 29,1999), Lake App. No. 97-L-191, unreported. That decision andits rationale was subsequently rejected by the Supreme Courtof Ohio in State v. Williams (2000), 88 Ohio St.3d 513. We must reject Defendant-Appellant's arguments on that authority.
Moore also argues that R.C. 2950.09(B)(2) is arbitrary and therefore unconstitutional because the General Assembly failed to give the courts sufficient guidance on how to apply the factors set out in that section. In State v. White (November 5, 1999), Miami App. No. 98-CA-37, unreported, we held that the court is not bound to adhere to those factors in making the determination that R.C. 2950.09 requires the court to make. That holding avoids the arbitrariness inherent in that section to which Defendant-Appellant objects.
Finally, Moore argues that R.C. 2950.09(E) is arbitrary because the "tasks of judging by clear and convincing evidence whether an offender is likely to commit a sexually oriented offense in the future illogically asks the court to determine whether it is highly probable (based on a clear and convincing standard) that a mere probability exists."
A fact that must be determined and the standard of proof by which the determination is made are separate and distinct propositions. The standard of proof defines the quantum of evidence required to establish the fact. In this instance, the fact is the likelihood that the Defendant will commit another sexually oriented offense. The standard of proof prescribed, clear and convincing evidence, merely requires that the evidence presented must produce a firm belief or conviction of the existence of that likelihood. It does not make the finding itself illogical.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT'S DECISION TO CLASSIFY THE DEFENDANT-APPELLANT AS A SEXUAL PREDATOR PURSUANT TO R.C. 2950 WAS NOT SUBSTANTIATED BY CLEAR AND CONVINCING EVIDENCE., Defendant-Appellant Moore complains of the dearth of evidence relevant to the R.C. 2950.09(B)(2) factors which might support the trial court's determination that he is a sexual predator. The court's determination must be based on clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is [t]hat measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof.
 Cross v. Ledford (1954), 161 Ohio St. 469, 477.
We agree that Moore's record of OMVI offenses offer little if any reason to conclude that he is likely to commit another sexually-oriented offense, though it does portray an inclination toward substance abuse that can facilitate an inclination to engage in dysfunctional behavior.
More pertinent to the issue is the testimony of Kim Stookey, Ph.D., a psychologist, who interviewed Moore and examined his 1984 pre-sentence investigation report. Based on the facts she gleaned from those sources, Dr. Stookey placed Moore in a classification of sex offenders for which the statistical rates of recidivism is "fifty plus percent," according to Dr. Stookey. (T. 9). That evidence is sufficient to produce a firm conviction that Moore is likely to re-offend, and is therefore clear and convincingevidence which supports the determination that the court made.Cross v. Ledford, supra.
The second assignment of error is overruled.
Conclusion
Having overruled the assignments of error presented, we will affirm the order from which this appeal was taken.
 ______________________ GRADY, P.J.,
BROGAN, J. and WOLFF, J., concur.